IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:21-cv-00439-M

| | |
|---|---|
| SEBASTIAN X. MOORE, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| CHRIS WHEELEY, | ) |
| Defendant. | ) |

This matter comes before the court on Plaintiff's pro se response [DE 5] to the court's November 3, 2021 Order to Show Cause [DE 4]. The court's order explained that Plaintiff failed to demonstrate that this court had subject-matter jurisdiction over his claims. This court reviews Plaintiff's pro se pleadings with "special judicial solicitude" and construes them "liberally," *see, e.g., United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) (internal citations and quotation marks omitted); even so, Plaintiff's response fails to satisfy the requirements of federal jurisdiction. First, Plaintiff's response does not satisfy the requirements of diversity jurisdiction because the Plaintiff and Defendant are both alleged to be citizens of North Carolina. [DE 1-1]; *see, e.g., Cent. W Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (For diversity jurisdiction to exist, "the citizenship of every plaintiff must be different from the citizenship of every defendant.") (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). Second, although the Plaintiff has alleged violations of his Fifth and Sixth Amendment rights, attempting to invoke this court's federal-question jurisdiction, his attempt is so "completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation of N.Y. v. County of Oneida*, 414 U.S. 661, 666 (1974)). Therefore, Plaintiff's Complaint is dismissed for lack of federal jurisdiction.

"Absent diversity of citizenship, federal-question jurisdiction is required." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). For federal-question jurisdiction to exist, federal law must create the cause of action or plaintiff's right to relief must "necessarily depend[] on resolution of a substantial question of federal law." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 28 (1983)). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. at 392 (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–113 (1936)).

The face of Plaintiff's Complaint does not raise a federal question. Although "[i]t is firmly established in our cases that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction . . ." jurisdiction is nevertheless defeated if the claim "appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Steel Co.*, 523 U.S. at 89 (internal citations omitted). Thus, this court will dismiss a case "for lack of subject-matter jurisdiction because of the inadequacy of the federal claim . . . when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of [the Supreme Court], or otherwise completely devoid of merit as not to involve a federal controversy.'" *Id.* (quoting *Oneida Indian Nation of N.Y.*, 414 U.S. at 666).

Plaintiff's Complaint alleges a state law defamation controversy with Walmart employee, Chris Wheeley. The Complaint does not involve a federal controversy. The Plaintiff's only attempt to invoke federal law is one sentence stating, "by the lower courts [sic] decision not to allow Plaintiff the right to a jury-trial and the lower courts violating Plaintiff's 5th and 6th Amendment 'in all criminal prosecution the accused shall enjoy the right to be confronted with the witnesses against him' the lower court's [sic] has violated Plaintiff's 'right to know who his accusers are.'" [DE 5 at 2]. This

2

attempted invocation of federal law does not create a federal controversy with the named defendant. Plaintiff alleges a state court denied him his Fifth and Sixth Amendment rights; but he does not name the state court as a party. Moreover, he does not explain how the Defendant could have violated his constitutional rights. Plaintiff's claim is "so insubstantial, implausible . . . [and] otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co.*, 523 U.S. at 89 (quoting *Oneida Indian Nation of N.Y.*, 414 U.S. at 666).

In addition, Plaintiff's attempted federal claims are plainly "foreclosed by prior decisions of [the Supreme Court]." It is well-settled that only governmental actors can be subject to constitutional scrutiny—private actors are exempt. *See, e.g., Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) ("Our cases try to plot a line between state action subject to Fourteenth Amendment scrutiny and private conduct (however exceptionable) that is not."). Plaintiff's one-line argument that a state court violated his constitutional rights does not present a federal controversy against the named party—a private individual. *Cf. Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 392 (4th Cir. 1990) (holding "the complaint fails to assert federal jurisdiction" under the Due Process Clause when the "harm suffered" was "not harm inflicted by the State.").

The court concludes that Plaintiff's Complaint lacks federal jurisdiction. Therefore, Plaintiff's Complaint is DISMISSED without prejudice.

SO ORDERED this 20th day of December, 2021.

*Richard E. Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

3

Case 5:21-cv-00439-M   Document 6   Filed 12/20/21   Page 3 of 3